Paul A. Gilmer, Esq.
Wong, Wong & Associates, P.C.
150 Broadway, Suite 1588
New York, NY 10038
Tel: (212)-566-8080
Fax: (212)-566-8960

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **YUJIA GAO** | ) | |
| **PLAINTIFF,** | ) | **CASE NO.:** _____ |
| | ) | |
| **v.** | ) | *Document Electronically Filed* |
| | ) | |
| | ) | |
| **EMILY YU, AND WINDSOR** | ) | |
| **SULLIVAN PROPERTY INC.** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## AN ORDER FOR ATTACHMENT

## I.   TABLE OF CONTENTS

I.    TABLE OF CONTENTS................................................................................................ 1
II.   TABLE OF AUTHORITIES ........................................................................................ 2
III.  PRELIMINARY STATEMENT ................................................................................... 3
IV.   LEGAL ARGUMENT................................................................................................... 3
  A.   TO SECURE THE JUDGMENT AT THE CONCLUSION OF LITIGATION, THE COURT SHOULD GRANT THE ORDER OF ATTACHMENT........... **Error! Bookmark not defined.**
V.    CONCLUSION............................................................................................................. 8

## II.   **TABLE OF AUTHORITIES**

*CASES*

Bank of China v. NBM, LLC, 192 F. Supp. 2d 183(S.D.N.Y. 2002) ………..………4

Bank of Leumi Trust Co. v. Istim, Inc., 892 F.Supp. 478 (S.D.N.Y.1995) ………..……….4, 7

Capital Ventures Intern. v. Republic of Argentina, 443 F.3d 214 (2d Cir.2006), ………..……….4

In re Amaranth Natural Gas Commodities Litigation, 711 F. Supp. 2d 301, 306 (S.D.N.Y. 2010) ………..…………………………………………………………………………………….5

Silverman v. Miranda, 116 F. Supp. 3d 289 (S.D.N.Y. 2015) ………..……………………………6

Societe Generale Alsacienne De Banque, Zurich v. Flemingdon Dev. Corp., 118 A.D.2d 769 (2d Dept. 1986) ………..………………………………………………………………………….4

TAGC Management, LLC v. Lehman, 842 F. Supp. 2d 575 (S.D.N.Y. 2015) ………..……….4, 5

VNB NY, LLC v. Rapaport, 2016 NY Slip Op 50099 (Sup. Ct., Kings Co. Jan. 29, 2016) ………..………………………………………………………………………………….6

*RULES*

Fed.R.Civ.P. 64 ………..………………………………………..……........................4, 5

Fed.R.Civ.P. 65 ………..………………………………………..……........................4, 8

C.P.L.R. § 6201 ………..………………………………………………………………4, 6

C.P.L.R. § 6202 ………..………………………..………………………..……………………..4

C.P.L.R. § 6212 ………..……………………..…………………………..…….…..4, 6, 7, 8

This office represents Plaintiff Yujia Gao. Pursuant to <u>Fed.R.Civ.P.</u> 64, Wong, Wong & Associates, P.C. files this memorandum of law in support of an order for attachment.

### III.    **PRELIMINARY STATEMENT**

As set forth more fully in the affidavit of Ms. Gao, Plaintiff invested $1 million into Defendant Ms. Yu's corporation, Windsor Sullivan Property Inc, and signed an investment agreement by which she received a 5% ownership in Defendant Windsor, and is to receive regular payments from Defendant Windsor. Defendant Ms. Yu is personally liable for these debts because of a guaranty that she signed contemporaneously with the initial loan agreement. Plaintiff has attempted on multiple occasions to collect on the payments owed to her, but Defendants has only repaid $140,000 of the loan, which has not even covered the interest accrued by Defendants. Subsequently, Defendant Windsor sold a property that was intended to be used as a school to a third, party, Sansui Trading Co Ltd., for $2,811,200, and Defendant Windsor was dissolved. However, Plaintiff was never informed of either of these occurrences, and because of this sale, Plaintiff reasonably fears that Defendant Yu will continue to dispose of assets to evade collection by Plaintiff.

### IV.    **LEGAL ARGUMENT**

To secure the judgment at the conclusion of litigation, the Court should grant an order of attachment on the property located at 30 Chestnut Drive, Roslyn, NY 11576, Nassau County. "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." <u>Fed.R.Civ.P.</u> 64(a).  The remedies available under this rule include attachment.  <u>Fed.R.Civ.P.</u> 64(b).  <u>See</u> <u>Capital Ventures Intern. v. Republic of</u>

Argentina, 443 F.3d 214, 218-219 (2d Cir.2006) (applying New York C.P.L.R. in an attachment

proceeding); Bank of China v. NBM, LLC, 192 F. Supp. 2d 183, 186 (S.D.N.Y. 2002)

("Pursuant to Fed.R.Civ.P. 64, the remedy of attachment is governed by state law.").  An order of

attachment may be granted where the plaintiffs have demanded and would be entitled to a money

judgment against one or more defendants when the defendant, with intent to frustrate the

enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of,

encumbered or secreted property, or removed it from the state or is about to do any of these acts.

C.P.L.R. § 6201(3).  Any debt or property against which a money judgment may be enforced is

subject to attachment. C.P.L.R. § 6202. This preliminary injunction is sought pursuant to

Fed.R.Civ.P. 65(b)(1).

In seeking attachment, plaintiffs must establish (1) that there is a cause of action against

the defendant, (2) that it is probable the plaintiffs will succeed on the merits, (3) that one or more

statutory grounds for attachment are met, and (4) that the amount demanded exceeds all known

counterclaims. C.P.L.R. § 6212(a). The moving papers must contain evidentiary facts proving

the basis upon which the attachment remedy is sought. Societe Generale Alsacienne De Banque,

Zurich v. Flemingdon Dev. Corp., 118 A.D.2d 769, 773 (2d Dept. 1986).

**1.  Plaintiffs have a cause of action against the Defendants.**

For the first requirement, "the court must give the plaintiff the benefit of all the legitimate

inferences that can be drawn from the facts." TAGC Management, LLC v. Lehman, 842 F.

Supp. 2d 575, 586 (S.D.N.Y. 2015) (citing Bank of Leumi Trust Co. v. Istim, Inc., 892 F.Supp.

478, 482 (S.D.N.Y.1995)).

4

In this case, the Plaintiffs have valid causes of action that can clearly demonstrated through supporting papers. Plaintiffs have filed a Summons and Complaint with the Court for breach of contract, violation of contractual obligations of good faith and fair dealing, unjust enrichment, fraud, conversion, among other causes of action. Plaintiff invested $1 million in Defendant Yu and her corporation, and she now owes $1,693,613.63 due to accrued interest, even after having repaid $140,000 on the loan. Due to her violation of the agreements, as detailed within the Plaintiff's complaint, the entirety of this sum is immediately due.

### 2.   Plaintiffs have Shown a Probability of Success on The Merits.

As to the requirement that the movant is likely to succeed on the merits, "the Court must give the plaintiff the benefit of all the legitimate inferences that can be drawn from the facts." TAGC Management, 842 F. Supp. 2d at 586.  This element requires the moving party to demonstrate that it is more likely than not that movant will succeed on its claims and must show proof stronger than that required to make a prima facie case.  In re Amaranth Natural Gas Commodities Litigation, 711 F. Supp. 2d 301, 306 (S.D.N.Y. 2010).

Here, it is more than probable that the Plaintiff will succeed on the merits of this case. The Plaintiffs have filed a Summons and Complaint with the Court for breach of contract, violation of contractual obligations of good faith and fair dealing, unjust enrichment, fraud, conversion, among other causes of action.  As discussed in the Affidavit and Affirmation of the attorney, no defense has been offered by Defendants as to why the money has not been repaid in a timely manner, and she has offered no defense as to why the payments have not been repaid, or disputed the payments in any way. According to the contractual terms of the agreements, the repayment is both overdue and undisputed.

As such, the Plaintiff will more likely than not succeed on the merits. Thus, the second element of C.P.L.R. § 6212 is satisfied.

**3. Grounds for attachment exists under C.P.L.R. § 6201(3).**

An order of attachment may be granted where the plaintiffs have demanded and would be entitled to a money judgment against one or more defendants when the defendant, with intent to frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts.  C.P.L.R. § 6201(3).

"To establish the third element for attachment, the plaintiff must prove both that the defendant (1) has assigned, disposed of, encumbered, or secreted property, or removed it from the state, or is about to do any of these acts; and (2) has acted or will act with the intent to defraud creditors or to frustrate the enforcement of a judgment that might be rendered in plaintiff's favor." Silverman v. Miranda, 116 F. Supp. 3d 289, 311 (S.D.N.Y. 2015).

Where fraud is alleged, under C.P.L.R. § 6201(3), "the plaintiff must demonstrate that the defendant has concealed or is about to conceal property in one or more of several enumerated ways, and has acted or will act with the intent to defraud creditors or to frustrate the enforcement of a judgment that might be rendered in favor of the plaintiff'." VNB NY, LLC v. Rapaport, 2016 NY Slip Op 50099 (Sup. Ct., Kings Co. Jan. 29, 2016) (citations omitted).

In the instant case, despite Plaintiff having an ownership stake in Defendant Windsor, Defendant Yu first assumed a $2 million mortgage on the property located at 41 Town Road, Route 97, Sullivan, NY 11273, and then sold this property to a third party, Sansui Trading Co

Ltd., without ever informing Plaintiff about this sale, despite her contractual obligations to do so, and the fact that doing so constituted a default. Furthermore, Defendant Yu dissolved Defendant Windsor without notifying Plaintiff, which also violated these agremeents. Furthermore, Defendant Yu has taken no steps to repay Plaintiff after the sale of this property, despite now possessing the funds to do so.

Therefore, the ongoing and continuing fraud by Defendants unquestionably indicates that Defendants have taken actions, and, if not enjoined from doing so, will continue to take further actions to dispose of assets with the intend to defraud creditors, including Plaintiffs. Furthermore, the Defendants have acted and will, if not prevented from doing so, continue to act with the intent to defraud Plaintiffs in order to frustrate any judgments that might be rendered against them in the Plaintiffs' favor. Thus, the third element of C.P.L.R. § 6212 is satisfied.

### 4. The Amount Demanded from Defendants Exceeds all Counterclaims known to Plaintiffs.

In determining whether the fourth requirement, that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff, is met, courts are to examine only the amount of the counterclaims that the plaintiff concedes are just. C.P.L.R. § 6212(a); Bank of Leumi, 892 F. Supp. at 482.  Papers on a motion for an order of attachment must show that the amount demanded from defendants exceeds all counterclaims known to plaintiff, taking into consideration only those counterclaims that a plaintiff is willing to concede as just.  The existence of a pending counterclaim which is contested does not defeat an attachment. Id.

In this case, Defendants have not filed any counterclaims against Plaintiffs at this time, and it is not expected that Defendants will claim an amount against the Plaintiffs greater than the damages cited by the Plaintiffs, as Plaintiffs are not known to have harmed Defendants.

**5.   The Relative Interim Harm to the Moving Party if the TRO is Denied Outweighs that to the Opposing Party if the TRO is Granted**

In this case, the only interim relief requested is that the Defendants be enjoined from dissipating assets, and therefore no known harm is expected to befall the Defendants.

Therefore, because Plaintiffs' claims against Defendant far exceed all known counterclaims that Defendant could assert in good faith, the fourth element of <u>C.P.L.R.</u> § 6212 is satisfied.

**6.   Irreparable Harm will Occur if this Attachment is not Granted**

Pursuant to Fed.R.Civ.P. 65(b)(1), a temporary restraining order may only be granted to plaintiff if the Plaintiff has demonstrated that immediate harm will occur if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." In this matter, it has been demonstrated by the Affidavit that Defendants have already dissipated substantial assets in violation of agreements between Plaintiff and Defendant, and has refused to respond to Plaintiff's demands for repayment. It is readily apparent that if this TRO is not granted, Defendant will almost certainly dissipate all remaining assets to avoid Plaintiff from collecting on her outstanding debt. Furthermore, in the attorney's affirmation, he clearly stated why no required advance notice should be made to Defendants prior to the application of this TRO, as to do so would aid Defendants in dissipating assets, thus extremely prejudicing Plaintiff.

## V.   CONCLUSION

Therefore, this Court should grant Plaintiffs' request for an order of attachment on the property located at 30 Chestnut Drive, Roslyn, NY 11576, the Windsor School located at 37-02

Main St, Flushing, NY 11354, as well as all bank accounts or other assets associated with the

Defendants.


**Dated**: November 12, 2021

Respectfully Submitted,

*/s/ Paul A. Gilmer, Esq..*
Paul A. Gilmer, Esq.
WONG, WONG & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
150 Broadway, Suite 1588
New York, NY 10038
(T) (212) 566-8080
(F) (212) 566-8960