UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| YUJIA GAO<br><br>          PLAINTIFF,<br><br>v.<br><br>EMILY YU AND WINDSOR<br>SULLIVAN PROPERTY INC.<br><br>          DEFENDANTS. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: _____<br><br>*Document Electronically Filed*<br><br>***AFFIDAVIT IN SUPPORT OF ORDER***<br>***TO SHOW CAUSE*** |

Yujia Gao, being duly sworn, deposes and says:

1. I, Yujia Gao, as plaintiff in the above-entitled action, respectfully move this court to order defendants to show cause why they should not be enjoined from transferring their assets, including the property located at 30 Chestnut Dr. Roslyn, NY 11576, as well as Defendant Yu's assets at the Windsor School, Inc., including the property located at 37-02 Main St, Flushing, NY 11354, until a final disposition on the merits in the above-entitled action.

2. Unless this order is issued, I will suffer immediate and irreparable injury, loss and damage, as Defendants have already transferred without notifying me, in violation of their agreement with me to do so.

3. In 2016, I was looking for a way to obtain citizenship through an EB-5 investment visa, a visa application which allows an immigrant to obtain a green card by making a substantial investment in a business that leads to the creation of at least ten jobs for American citizens

4. While looking into EB-5 investment opportunities, I met Emily Yu, ("Defendant Yu") who was purportedly looking for investors for the purpose of generating funds for the Windsor School Academy business project, which she claimed would become a boarding school located in upstate New York.

5. Defendant Yu is also the sole stockholder, director and president of Windsor School Inc., a private junior and senior high school located in Flushing, Queens, enrolling students from grades 7-12.

6. As a result, I invested $1 million in Defendant Yu and Windsor Sullivan Property Inc. ("Defendant Windsor").

7. Four agreements were ultimately signed between myself and Defendant Yu. **See Exhibit A** for a copy of the Investment Agreement, see **Exhibit B** for the Promissory Note, **See Exhibit C** for the subsequent modification of the promissory note, and **Exhibit D** for Defendant Yu's personal guaranty.

8. The Guaranty states that "Guarantor (Defendant Yu) shall be primarily and directly liable to Beneficiary (Plaintiff) for complete payment and performance of the Obligations."

9. The first amendment to the promissory note, signed on February 18, 2016 by all parties, increased the amount owed to a 12% annual interest rate.

10. In 2018, Defendant Yu made an interest payment to Plaintiff for $70,000.

11. In 2019, Defendant Yu made another interest payment to Plaintiff for $70,000.

12. In 2020, Defendant Yu made no interest payments to Plaintiff.

13. In 2021, Defendant Yu made an interest payment to Plaintiff for $20,000.

14. Defendant Yu and Windsor Sullivan Property Inc. have defaulted on their obligations, as detailed below.

15. Consequently, Defendant Yu and Windsor Sullivan Property Inc. are both obligated to immediately pay back my principal investment and outstanding interest payments, totaling $1,693,613.63, that were made in accordance with the Investment Agreement and subsequent modifications.

16. Item 1 of the Investment Agreement states that my investment of $1,000,000 is "for the purpose of qualifying the Investment for EB-5 immigration petition."

17. On March 4th, 2014, I filed a petition with the USCIS for an EB-5 visa application. The requirements included proving that my investment of $1,000,000 would lead to employment creation. I relied on Defendant Yu's Windsor business plan to satisfy the requirements to secure the visa.

18. My EB-5 petition was effectively denied because Defendant Yu failed to provide the evidence that the Windsor business plan would lead to employment creation. Defendant Yu also failed to show any growth in business activity of Windsor since I invested my monies with her.

19. I relied on Defendant Yu to provide USCIS with the evidence they requested and to fulfill the Windsor business plan's goals so I could secure my EB-5 visa, and she failed to do both.

20. After the primary purpose of the Investment Agreement was frustrated, I intended to unilaterally terminate the agreement, as Defendant Yu had failed to help me secure my EB-5 visa due to her failure to utilize my investment to build upon the Windsor business plan, until Defendant Yu agreed to the subsequent modification of this agreement, Amendment #1.

21. As per the original agreement with Defendant Yu and Defendant Windsor, I was to acquire 5% equity ownership of Defendant Windsor, which was 10/200 shares, and be elected to the

Board of Directors for the company. I reasonably believed, through this agreement, I was a Shareholder.

22. In USCIS denial letter, it was articulated to myself that the Investment Agreement did not provide me any ownership or make me a shareholder of Windsor. USCIS stated that the Investment Agreement was essentially a loan, which was not communicated to me at all by Defendant Yu.

23. Defendant Yu explicitly told me, and both parties agreed, that the Investment agreement was for the purpose of the EB-5 application. However, Defendant Yu knew or should have reasonably known she was entering into essentially a loan agreement that does not satisfy the EB-5 petition requirements in any way. **See Exhibit E** for I-526 Denial Notice from USCIS.

24. Despite several demands for repayment made, Defendant Yu has continuously refused to repay back amount owed. **See Exhibit F** for a formal demand for repayment made on August 26, 2021.

25. As stated above, Defendant Yu is also personally obligated to repay these debts due to the personal guaranty that she signed. **See Exhibit D.**

26. In the Promissory Note, **Exhibit B**, one of the Events of Default, prong viii, states that "the merger or consolidation of Borrower into or with any Person or the mortgage, sale or other disposition of substantially all of the property of Borrower without the written consent of Borrower without the written consent of Investor unless such Person, mortgagee, purchaser, transferee or other successor in interest of Borrower assumes all the obligations of Borrower under this Note to the reasonable satisfaction of Investor."

27. Defendant Yu, through Windsor Sullivan Property Inc., bought the property located at 10497 NY-97, Callicoon, NY 12723 with the assets that I invested, and then 1) took a mortgage on

property obtained with my investment and 2) then sold said property to a third, party, Sansui Trading Co Ltd., without providing me any notice or without my consent. **See Exhibit G** for the asset transfer record.

28. Therefore, Defendant Yu, by transferring significant assets of Defendant Windsor, has defaulted on the Promissory Note.

29. Defendant Yu legally dissolved Windsor Sullivan Property Inc., and has been selling off its assets. As a result, it is apparent that Defendant Yu is attempting to make herself judgment-proof, despite the fact that she owes me $1,693,613.63 as a return on investment plus interest.

30. I only learned of the transfer of Defendant Windsor by Defendant Yu to a third party in July, 2021, as the Defendants failed to inform me of this transfer.

31. As a result of the actions of the parties involved, I have been deprived of $1,693,613.63 that is rightfully owed to me by Defendant Yu and Windsor Sullivan Property Inc. As can be seen from the foregoing, I have no adequate remedy at law if Defendant Yu continues to sell and transfer all her assets.

32. As a result of the actions of Defendant Yu's fraudulently deficient business project's failure to qualify for EB-5 status, my EB-5 immigration petition had been denied.

33. As a result of the actions of the parties involved, I have been deprived of my ability to apply for an EB-5 visa, because I need the monies rightfully owed by Defendant Yu to me and immediately due as a result of their default to invest in another project consistent with the EB-5 requirements.

34. I have not contacted defendants prior to the filing of this order to show cause, because the facts in this affidavit demonstrate that irreparable harm will occur if I notify defendants prior to its filing, as they would almost certainly transfer their assets to avoid paying their

creditors, as done in the past. As a result, this order to show cause is necessary to prevent the defendants from disposing of their assets through fraudulent conveyance.

35. The only property I am aware that Defendant Yu has not already transferred is her property located at 30 Chestnut Dr., Roslyn NY 11576. **See Exhibit H**, as well as the Windsor School, Inc., located at 37-02 Main St, Flushing, NY 11354. However, given that she has transferred significant assets of Defendant Windsor without notifying me, triggering a default entitling me to immediate repayment of both the principal and interest of my investment, totaling $1,693,613.63.

36. Therefore, it is apparent that Defendants will do whatever it takes to hide their assets from their creditors, including me.

37. This is my first application of this type to enjoin assets being made.

WHEREFORE, I respectfully request that the Court grant the within relief as well as such other and further relief that may be just and proper

_____
YUJIA GAO

Sworn to before me this 4th day of November, 2021.

_____
Notary Public

JULIE LE
Notary Public
State of Washington
Commission Number 208325
My Commission Expires
05/09/2023