Paul A. Gilmer, Esq.
Wong, Wong & Associates, P.C.
150 Broadway, Suite 1588
New York, NY 10038
Tel: (212)-566-8080
Fax: (212)-566-8960

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **YUJIA GAO** | ) | |
|              **PLAINTIFF,** | ) | **CASE NO.: 1:21-cv-06308** |
| | ) | |
|     **v.** | ) | *Document Electronically Filed* |
| | ) | |
| **EMILY YU, AND WINDSOR** | ) | |
| **SULLIVAN PROPERTY INC.** | ) | |
| | ) | |
|              **DEFENDANTS.** | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**AN ORDER FOR ATTACHMENT**

## I. **TABLE OF CONTENTS**

I.   TABLE OF CONTENTS ................................................................................................... 1
II.  TABLE OF AUTHORITIES ............................................................................................ 2
III.   PRELIMINARY STATEMENT ..................................................................................... 3
IV.   LEGAL ARGUMENT ..................................................................................................... 3
V.  CONCLUSION ............................................................................................................... 10

1

II. **TABLE OF AUTHORITIES**

*CASES*

Bank of China v. NBM, LLC, 192 F. Supp. 2d 183(S.D.N.Y. 2002) ……..……………...…….4

Bank of Leumi Trust Co. v. Istim, Inc., 892 F.Supp. 478 (S.D.N.Y.1995) …………………….4, 7

Brenntag Int'l Chems., Inc. v Bank of India, 175 F.3d 245, 249 (2nd Cir. 1999)…………………10

CanWest Global Communications Corp. v. Mirkaei Tikshoret Ltd., 9 Misc. 3d 845, 859, 804 N.Y.S.2d 549 (2006)…………...………………………………………………………………..10, 11

Capital Ventures Intern. v. Republic of Argentina, 443 F.3d 214 (2d Cir.2006), ………..……….4

Edgeworth Food Corp. v Stephenson, 53 A.D.2d 588, 588, 385 N.Y.S.2d 64 (1st Dept 1976)….9

Goodstein v Enbar, 2017 N.Y. Misc. LEXIS 910, (2017)…………………………………..10

In re Amaranth Natural Gas Commodities Litigation, 711 F. Supp. 2d 301, 306 (S.D.N.Y. 2010) ……….…………………………………………………………………………………………….5

Silverman v. Miranda, 116 F. Supp. 3d 289 (S.D.N.Y. 2015) …………………………………….6

Societe Generale Alsacienne De Banque, Zurich v. Flemingdon Dev. Corp., 118 A.D.2d 769 (2d Dept. 1986) …………………………………………………………………………………….4

TAGC Management, LLC v. Lehman, 842 F. Supp. 2d 575 (S.D.N.Y. 2015) ………..……….4, 5

VNB NY, LLC v. Rapaport, 2016 NY Slip Op 50099 (Sup. Ct., Kings Co. Jan. 29, 2016) ……..……………………………………………………………………………………….6

*RULES*

Fed.R.Civ.P. 64 ………………………………………………..……......................4, 5

Fed.R.Civ.P. 65 …………………………………………………..……......................4, 8

C.P.L.R. § 6201 ……..……………………………………………………………………….4, 6

C.P.L.R. § 6202 ……..………………………………………………..……………………..4

C.P.L.R. § 6212 ……..………………………………..…………………………….…….4, 6, 7, 8

This office represents Plaintiff Yujia Gao. Pursuant to Fed.R.Civ.P. 64, Wong, Wong & Associates, P.C. files this revised memorandum of law in support of an order for attachment.

### III. PRELIMINARY STATEMENT

As set forth more fully in the affidavit of Ms. Gao, Plaintiff invested $1 million into Defendant Ms. Yu's corporation, Windsor Sullivan Property Inc., and signed an investment agreement by which she received a 5% ownership in Defendant Windsor, and is to receive regular interest payments from Defendant Windsor. Defendant Ms. Yu is personally liable for these debts because of a guaranty that she signed contemporaneously with the initial loan agreement. Plaintiff has attempted on multiple occasions to collect on the payments owed to her, but Defendants have only repaid $140,000 of the loan, which has not even covered the interest accrued by Defendants. Subsequently, Defendant Windsor sold a property that was intended to be used as a school to a third party, Sansui Trading Co Ltd., for $2,811,200, and shortly thereafter, Defendant Windsor was dissolved. However, Plaintiff was never informed of either of these occurrences, and because of this sale, Plaintiff reasonably fears that Defendant Yu will continue to dispose of assets to evade collection by Plaintiff.

### IV. LEGAL ARGUMENT

To secure the judgment at the conclusion of litigation, the Court should grant an order of attachment on the property located at 30 Chestnut Drive, Roslyn, NY 11576, Nassau County. "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed.R.Civ.P. 64(a). The remedies available under this rule include attachment. Fed.R.Civ.P. 64(b). See Capital Ventures Intern. v. Republic of

3

Argentina, 443 F.3d 214, 218-219 (2d Cir.2006) (applying New York C.P.L.R. in an attachment proceeding); Bank of China v. NBM, LLC, 192 F. Supp. 2d 183, 186 (S.D.N.Y. 2002) ("Pursuant to Fed.R.Civ.P. 64, the remedy of attachment is governed by state law."). An order of attachment may be granted where the plaintiffs have demanded and would be entitled to a money judgment against one or more defendants when the defendant, with intent to frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts. C.P.L.R. § 6201(3). Any debt or property against which a money judgment may be enforced is subject to attachment. C.P.L.R. § 6202. This preliminary injunction is sought pursuant to Fed.R.Civ.P. 65(b)(1).

In seeking attachment, plaintiffs must establish (1) that there is a cause of action against the defendant, (2) that it is probable the plaintiffs will succeed on the merits, (3) that one or more statutory grounds for attachment are met, and (4) that the amount demanded exceeds all known counterclaims. C.P.L.R. § 6212(a). The moving papers must contain evidentiary facts proving the basis upon which the attachment remedy is sought. Societe Generale Alsacienne De Banque, Zurich v. Flemingdon Dev. Corp., 118 A.D.2d 769, 773 (2d Dept. 1986).

**1. Plaintiffs have a cause of action against the Defendants.**

For the first requirement, "the court must give the plaintiff the benefit of all the legitimate inferences that can be drawn from the facts." TAGC Management, LLC v. Lehman, 842 F. Supp. 2d 575, 586 (S.D.N.Y. 2015) (citing Bank of Leumi Trust Co. v. Istim, Inc., 892 F.Supp. 478, 482 (S.D.N.Y.1995)).

In this case, the Plaintiffs have valid causes of action that can clearly be demonstrated through supporting papers. Plaintiffs have filed a Summons and Complaint with the Court for breach of contract, violation of contractual obligations of good faith and fair dealing, unjust enrichment, fraud, conversion, among other causes of action. Plaintiff invested $1 million in Defendant Yu and her corporation, who now owes $1,693,613.63 due to accrued interest to Plaintiff, even after having repaid $140,000 on the loan. Due to Defendant Yu's violation of the agreements, as detailed within the Plaintiff's complaint, the entirety of this sum is immediately due. Thus, the first element of C.P.L.R. § 6212 is satisfied.

**2. Plaintiffs have Shown a Probability of Success on The Merits.**

As to the requirement that the movant is likely to succeed on the merits, "the Court must give the plaintiff the benefit of all the legitimate inferences that can be drawn from the facts." TAGC Management, 842 F. Supp. 2d at 586. This element requires the moving party to demonstrate that it is more likely than not that movant will succeed on its claims and must show proof stronger than that required to make a prima facie case. In re Amaranth Natural Gas Commodities Litigation, 711 F. Supp. 2d 301, 306 (S.D.N.Y. 2010).

Here, it is more than probable that the Plaintiff will succeed on the merits of this case. The Plaintiffs have filed a Summons and Complaint with the Court for breach of contract, violation of contractual obligations of good faith and fair dealing, unjust enrichment, fraud, conversion, among other causes of action. As discussed in the Affidavit and Affirmation of the attorney, no defense has been offered by Defendants as to why the money has not been repaid in a timely manner. Furthermore, Defendant Yu has offered no defense as to why the payments have not been repaid, nor has she disputed the payments in any way. According to the contractual terms of the agreements, the repayment is both overdue and undisputed.

As such, the Plaintiff will more likely than not succeed on the merits. Thus, the second element of C.P.L.R. § 6212 is satisfied.

### 3. Grounds for attachment exists under C.P.L.R. § 6201(3).

An order of attachment may be granted where the plaintiffs have demanded and would be entitled to a money judgment against one or more defendants when the defendant, with intent to frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts. C.P.L.R. § 6201(3).

"To establish the third element for attachment, the plaintiff must prove both that the defendant (1) has assigned, disposed of, encumbered, or secreted property, or removed it from the state, or is about to do any of these acts; and (2) has acted or will act with the intent to defraud creditors or to frustrate the enforcement of a judgment that might be rendered in plaintiff's favor." Silverman v. Miranda, 116 F. Supp. 3d 289, 311 (S.D.N.Y. 2015).

Where fraud is alleged, under C.P.L.R. § 6201(3), "the plaintiff must demonstrate that the defendant has concealed or is about to conceal property in one or more of several enumerated ways, and has acted or will act with the intent to defraud creditors or to frustrate the enforcement of a judgment that might be rendered in favor of the plaintiff'." VNB NY, LLC v. Rapaport, 2016 NY Slip Op 50099 (Sup. Ct., Kings Co. Jan. 29, 2016) (citations omitted).

In the instant case, despite Plaintiff having an ownership stake in Defendant Windsor, Defendant Yu first assumed a $2 million mortgage on the property located at 41 Town Road, Route 97, Sullivan, NY 11273, and then sold this property to a third party, Sansui Trading Co

6

Ltd., without ever notifying Plaintiff about this sale, despite her contractual obligations to do so, and the fact that not doing so constituted a default. Additionally, Defendant Yu dissolved Defendant Windsor without notifying Plaintiff, which also violated these agreements. Furthermore, Defendant Yu has taken no steps to repay Plaintiff after the sale of this property, despite now possessing the funds to do so.

Therefore, the ongoing and continuing fraud by Defendants unquestionably indicates that Defendants have taken actions, and, if not enjoined from doing so, will continue to take further actions to dispose of assets with the intent to defraud creditors, including Plaintiffs. Furthermore, the Defendants have acted and will, if not prevented from doing so, continue to act with the intent to defraud Plaintiffs in order to frustrate any judgments that might be rendered against them in the Plaintiffs' favor. Thus, the third element of C.P.L.R. § 6212 is satisfied.

### 4. The Amount Demanded from Defendants Exceeds all Counterclaims known to Plaintiffs.

In determining whether the fourth requirement, that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff, is met, courts are to examine only the amount of the counterclaims that the plaintiff concedes are just. C.P.L.R. § 6212(a); Bank of Leumi, 892 F. Supp. at 482. Papers on a motion for an order of attachment must show that the amount demanded from defendants exceeds all counterclaims known to plaintiff, taking into consideration only those counterclaims that a plaintiff is willing to concede as just. The existence of a pending counterclaim which is contested does not defeat an attachment. Id.

In this case, Defendants have not filed any counterclaims against Plaintiffs at this time, and it is not expected that Defendants will claim an amount against the Plaintiffs greater than the damages cited by the Plaintiffs, as Plaintiffs are not known to have harmed Defendants.

7

### 5. The Relative Interim Harm to the Moving Party if the TRO is Denied Outweighs that to the Opposing Party if the TRO is Granted

In this case, the only interim relief requested is that the Defendants be enjoined from dissipating assets, and therefore no known harm is expected to befall the Defendants.

Therefore, because Plaintiffs' claims against Defendant far exceed all known counterclaims that Defendant could assert in good faith, the fourth element of C.P.L.R. § 6212 is satisfied.

### 6. In this Case, an Ex Parte Preliminary Injunction Pursuant to Rule 65 is Warranted, as Irreparable Harm will Occur if this Attachment is not Granted

Pursuant to Rule 65(b)(1), "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer 'an injury that is neither remote nor speculative, but actual and imminent,' and one that cannot be remedied 'if a court waits until the end of trial to resolve the harm.'" Grand River Enter. Six Nations, Ltd v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007). "[T]he harm to plaintiff from denial of the injunction as against the harm to defendant from granting it" must "tip in plaintiff's favor" for an injunction to issue. (Edgeworth Food Corp. v Stephenson, 53 A.D.2d 588, 588, 385 N.Y.S.2d 64 (1st Dept 1976)).

8

Furthermore, irreparable harm exists where, "but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied" (Brenntag Int'l Chems., Inc. v Bank of India, 175 F.3d 245, 249 (2nd Cir. 1999) [internal citations omitted] [applying [*44] New York law]).

In this matter, it has been demonstrated by the Affidavit that Defendants have already dissipated substantial assets in violation of agreements between Plaintiff and Defendant, and has refused to respond to Plaintiff's demands for repayment. It is readily apparent that if this TRO is not granted, Defendant will almost certainly dissipate all remaining assets to avoid Plaintiff from collecting on her outstanding debt. Despite having transferred significant corporate assets in violation of the parties' agreements, Defendant Yu has still not disclosed this fact. Furthermore, in the attorney's affirmation, he clearly stated why no required advance notice should be made to Defendants prior to the application of this TRO, as to do so would aid Defendants in dissipating assets, thus extremely prejudicing Plaintiff, as required under . "[I]t is self-evident that if a party renders itself insolvent for the purpose of evading judgment, the plaintiff will not be fully compensated by a monetary award." Goodstein v Enbar, 2017 N.Y. Misc. LEXIS 910, (2017). These actions by Defendant create a substantial chance that upon final resolution of the actions, Plaintiff will not be returned to the position previously occupied before she invested the monies with Defendant. The harm to Plaintiff from the denial of the injunction could ultimately lead to Plaintiff losing excess of $1,400,000 owed to her by Defendant, whereby Defendant would incur no harm at all.

In Canwest Global Communications Corp v. Mirkaei Tikshorent Ltd., the court held that CanWest "demonstrated that severe irreparable harm and the balance of equities are in favor of injunctive relief." CanWest Global Communications Corp. v. Mirkaei Tikshoret Ltd., 9 Misc. 3d

845, 859, 804 N.Y.S.2d 549 (2006). "Respondents [were] engaged in self-dealing and a fundamental restructuring of business relationships with irreversible consequences, including shutting down the printing plant and transferring the printing business to [another] company," whereby the Court granted a preliminary injunction in favor of Plaintiff. *Id*. In the instant case, Defendant Yu has violated the terms of the parties' agreements, by transferring Windsor without notification to Plaintiff, and shortly thereafter dissolving the company. Ultimately, Defendant Yu never returned any of the monies owed to Plaintiff from i) the sale of Windsor, ii) as per the three contracts she defaulted on and iii) demand of repayment from Plaintiff. These actions clearly demonstrate and create a balance of equities that are strongly in favor of Plaintiff's request for injunctive relief.

Concerning the specific facts that show immediate and irreparable injury, loss, or damage, such a showing has already been made in the previous section, as well as the attorney's affidavit, as required. Ultimately, the result of these actions articulated above provides sufficient demonstration that severe irreparable harm and the balance of equities are in favor of the injunctive relief requested by Plaintiff.

## V. CONCLUSION

Therefore, this Court should grant Plaintiffs' request for an order of attachment on the property located at 30 Chestnut Drive, Roslyn, NY 11576, the Defendant's ownership shares in the Windsor School located at 37-02 Main St, Flushing, NY 11354, as well as all bank accounts or other assets associated with the Defendants.

**Dated**: December 6, 2021

                                              Respectfully Submitted,

<u>*/s/ Paul A. Gilmer, Esq..*</u>
Paul A. Gilmer, Esq.
WONG, WONG & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
150 Broadway, Suite 1588
New York, NY 10038
(T) (212) 566-8080
(F) (212) 566-8960

11