Paul A. Gilmer, Esq.
Wong, Wong & Associates, P.C.
150 Broadway, Suite 1588
New York, NY 10038
Tel: (212)-566-8080
Fax: (212)-566-8960

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YUJIA GAO    PLAINTIFF, v. EMILY YU, AND WINDSOR SULLIVAN PROPERTY INC. DEFENDANTS. | CASE NO.: 1:21-cv-06308 *Document Electronically Filed* ***FIRST AMENDED COMPLAINT*** |

Yujia Gao ("Plaintiff"), by and through their attorneys, Wong, Wong & Associates, P.C., allege the following against Emily Yu a.ka. Linghan Yu, Windsor Sullivan Property Inc. ("Defendants"), upon personal knowledge and upon information and belief as to other matters, as follows:

## PARTIES

1. Plaintiff Yujia Gao (hereinafter, "Plaintiff") is a citizen of the People's Republic of China ("China"), residing at 5704 SW Winthrop Street, Seattle, WA 98116.

2. Defendant Emily Lin Han Yu (hereinafter, "Defendant Yu") resides at 30 Chestnut Drive, Roslyn, NY 11576, Nassau County.

3. Defendant Windsor Sullivan Property Inc. (hereinafter, "Defendant Windsor") is a domestic business corporation residing at 37-02 Main Street, Floor 4, Flushing, NY 11354, which was legally dissolved on November 29, 2018.

## NATURE OF ACTION

4. This is a civil action, made against Defendants, for Breach of Contract (promissory note, investor agreement and personal guaranty), Violation of contractual obligations of good faith and fair dealing, , Unjust enrichment/restitution, Director Liability under BCL 1006, Conversion, Fraud and Fraudulent Conveyance.

## JURISDICTION AND VENUE

5. The U.S. District Court, Eastern District of New York has personal jurisdiction over this matter, because this action concerns property located within the district, and involves tortious acts that were committed within the district.

6. This action is brought on the basis of diversity pursuant as per 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, and the Defendants are all citizens and residents of New York, while the Plaintiff is a resident of Washington State.

7. Venue is proper in the Eastern District of New York, because the promissory note was signed there by the parties and the properties at issue are located and were sold in this district.

## STATEMENT OF FACTS

8. Plaintiff met Defendant Yu because she was looking for investors for the purpose of generating funds for the Windsor School Academy business project, which would become a boarding school located in upstate New York.

9. Defendant Yu is the sole stockholder, director and president of Windsor School Inc., a private junior and senior high school located in Flushing, Queens, enrolling students from grades 7-12.

10. Defendant Yu is the sole shareholder, director and owns 200 shares of the sole class of the common stock of Defendant Windsor.

11. Defendant Windsor is a New York corporation with an address at 37-02 Main Street, Flushing, NY 11354.

12. Plaintiff entered into the following 3 agreements with Defendant Yu and Defendant Windsor: i) Promissory Note (hereinafter, "PN", ii) Guaranty and iii) Agreement Concerning Investment in a Private Immigration Investment Project (hereinafter, "Investment Agreement").

13. On July 29th, 2013, Plaintiff entered into a PN for $1,000,000.00 with borrower Defendant Yu and Defendant Windsor.

14. The PN states that "the outstanding principal amount of this Note, all interest accrued thereon and all other amounts due hereunder shall be paid by Borrower (Defendant Yu) upon demand by Investor (Plaintiff)".

15. On July 29th, 2013, Defendant Yu signed a Guaranty in favor of Plaintiff for the obligations and liabilities of Defendant Windsor.

16. The Guaranty states that "Guarantor (Defendant Yu) shall be primarily and directly liable to Beneficiary (Plaintiff) for complete payment and performance of the Obligations (aggregate principal amount of $1,000,000)".

17. The PN articulates that i) the principal amount outstanding from time to time shall bear interest at a rate equal to 5% per annum and ii) Defendant Windsor shall pay all interest accrued on each June 30 and December 31 until all obligations under the Note have been paid in full.

18. The PN articulates that the "The merger or consolidation of Borrower into or with any person or the mortgage, sale or the disposition of substantially all of the property of Borrower without the written consent of Investor, unless such person, purchaser, mortgagee or transferee of Borrower assumes all obligations of Borrower under the Note to the reasonable satisfaction of Investor, shall constitute an 'Event of Default'".

19. The PN articulates that the outstanding principal amount of the Note, all interest accrued thereon and all other amount due shall be paid by Defendant Windsor upon demand by Plaintiff in the Event of a Default.

20. On August 5th, 2013, Plaintiff entered into an "Investment Agreement" with Defendant Yu and Defendant Windsor.

21. Item 7 of the "Investor Agreement" states that, "in the event Investor shall elect to terminate this Agreement unilaterally, the full amount of the Investment (after subtracting all costs and expenses) shall be refunded to the Investor".

22. The purpose of the "Investor Agreement" was to allow Plaintiff to qualify for an EB-5 immigration petition.

23. This agreement stated that Plaintiff would i) acquire 5% equity ownership of Defendant Windsor, which equaled to 10 shares out of 200 available and ii) be elected to the Board of Directors of Defendant Windsor, and sign a subscription agreement.

24. Defendant Yu had told Plaintiff that the investment she made was to be used i) to purchase two parcels of land with two buildings on it, located at 1-494 NYS Route 97, Callicoon NY 12723 in the towns of Fremont and Delaware, Sullivan County ii) construct a new building used a dormitory next to the school building and iii) operate and own the Windsor School Academy, a college preparatory school with 150 students for Grades 7-12.

25. The property purchased by Defendant Yu and Defendant Windsor: i) Section 37, block 1, lot 27.1, with an address of 6240 New York State Route 97, Fremont, NY 12723, ii) Section 32, block 1, part of lot 20.3, iii) Section 37, block 1, part of lot 22 and iv) Section 37, block 1, lot 27.3 with an address of 41 Town Road, Route 97, Sullivan, NY 11273 (hereinafter, "Property").

26. Defendant Yu had invested $1,505,789 of her own money into the Windsor School Academy project as of 2014.

27. According to Defendant Windsor's business plan, the overall aggregate cost to complete the Windsor School Academy project was $11,011,578.

28. According to Defendant Windsor's business plan, Defendant Yu claimed she would secure a loan of $3,600,000.

29. As per Defendant Windsor's business plan, Defendant Yu claimed to secure 5 other investors, each of whom were supposed to invest $1,000,000 into the Windsor School Academy project.

30. On March 4, 2014, Plaintiff filed a petition with U.S. Citizenship and Immigration Services (hereinafter, "USCIS") for an EB-5 visa application.

31. On September 22, 2015, USCIS issued a Request for Evidence (hereinafter, "RFE") pertaining to Plaintiff's investment into a new commercial enterprise (hereinafter, "NCE"), pursuant to The Immigration and Nationality Act (hereinafter, "INA") Statute 203(b)(5)(A).

32. In the RFE, USCIS notified Plaintiff that the following eligibility requirements needed further clarification or additional evidence: i) Petitioner Gao has placed required amount of Capital at Risk, ii) invested capital was obtained through lawful means and iii) employment creation / comprehensive business plan.

33. Defendant Yu promised to assist in providing the necessary papers so that the EB-5 application would be approved, but she failed to provide any substantial help.

34. On January 13th, 2016, USCIS sent a decision to Plaintiff stating that her immigrant petition for an EB-5 visa had been denied.

35. The only evidence that the Plaintiff was able to provide to USCIS to prove it had undertaken an actual business activity was the deed for the "Property".

36. The USCIS concluded that the purchase of land did not establish that Petitioner Gao had placed her capital at risk for the purpose of generating a return.

37. The USCIS concluded that the Defendant Windsor business plan provided to Plaintiff by Defendant Yu i) failed to establish that the NCE (Defendant Windsor) will create at least ten full time-positions for qualifying employees, ii) business plan's staffing needs did not seem credible, iii) the development timeline was outdated and iv) there were concerns about the availability of funds to execute the suggested business plan.

38. USCIS stated that there was a failure to show that a loan of $3,600,000 was secured by Defendant Yu.

39. USCIS stated they were not able to identify the other 5 investors for the project claimed by Defendant Yu.

40. Plaintiff, through the attorney who filed the EB-5 petition on her behalf at the time, stated "We have made a number of requests to the principals of the NCE (Defendant Windsor) and general partner (Defendant Yu) of the NCE to procure documentation responsive to the RFE and to date have not received it".

41. USCIS concluded that, i) "based on the initial evidence submitted upon filing and after consideration of all additional evidence submitted, the Petition has failed to establish by a preponderance of the evidence that the Form I-526 complies with the applicable legal requirements" and ii) "Petition has not satisfied her burden of establishing eligibility".

42. The RFE and I-526 Denial Notice provided by USCIS stated that the Investor Agreement entered into between Defendant Yu and Plaintiff did put Plaintiff's Capital-At-Risk, as per the explicit requirements of the EB-5 application, and thus the EB-5 application was denied for this reason.

43. Defendant Yu knew or should have reasonably known, as the whole purpose of the EB-5 application was "for the purpose of qualifying the Investor (Plaintiff) for EB-5 immigration petition", that the Investor Agreement would not satisfy the EB-5 application requirements.

44. As of January 12, 2016, Defendant Yu had paid a total interest balance of $75,000 to Plaintiff; with an unpaid principal balance of $1,000,000.

45. After receiving denial letter from USCIS, Plaintiff called Defendant Yu and demanded full payment of the principal $1,000,000.

46. During the phone call, Defendant Yu represented that she was unable to pay back the full amount, and she offered to increase annual interest rate and promise to make interest payment on time and pay the full outstanding balance once she secured any new investment.

47. Both parties agreed to an increase to a 12% annual interest rate, and on February 18, 2016, signed into this amendment the first, and only, amendment to the promissory note.

48. The first amendment to the promissory note articulates that on the beginning of January 13, 2016, the principal amount of $1,000,000 shall bear interest at 12% per annum.

49. On March 20th, 2017, Defendant Yu obtained a mortgage from Sansui Trading Co Ltd. on Defendant Windsor for $2,000,000, using the Property as collateral.

50. Defendant Yu, as the sole shareholder and director of Defendant Windsor, never provided notice to Plaintiff about obtaining a mortgage from Sansui on Defendant Windsor.

51. On September 12th, 2017, Defendant Yu then sold the Property, by deed, from Defendant Windsor to Defendant Sansui for $2,811,200.

52. Defendant Yu, as the sole shareholder and director of Defendant Windsor, never provided notice to Plaintiff for selling off Property to Sansui.

53. Defendant Yu legally dissolved Defendant Windsor in 2018.

54. In the Promissory Note, **Exhibit B**, one of the Events of Default, prong viii, states that "the merger or consolidation of Borrower into or with any Person or the mortgage, sale or other disposition of substantially all of the property of Borrower without the written consent of Borrower without the written consent of Investor unless such Person,

mortgagee, purchaser, transferee or other successor in interest of Borrower assumes all the obligations of Borrower under this Note to the reasonable satisfaction of Investor."

55. Therefore, Defendant Yu has defaulted on the Promissory Note, and in accordance with Promissory Note, all principal and outstanding interest payment is immediately due.

56. New York State Department of Taxation and Finance consented to dissolution of Defendant Windsor on November 29th, 2018.

57. The dissolution of Defendant Windsor was authorized at a meeting of shareholders by two-thirds of the votes of all outstanding shares entitled to vote.

58. Defendant Yu, as the sole shareholder and director of Windsor, never provided notice to Plaintiff that Defendant Windsor had been dissolved, and failed to properly wind of the business of the corporation.

59. Defendant Yu continued to make interest payments sporadically to Plaintiff after dissolving Windsor.

60. In 2018, Defendant Yu made an interest payment to Plaintiff for $70,000.

61. In 2019, Defendant Yu made another interest payment to Plaintiff for $70,000.

62. In 2020, Defendant Yu made no interest payments to Plaintiff.

63. In 2021, Defendant Yu made an interest payment to Plaintiff for $20,000.

64. Plaintiff only learned of the transfer of Defendant Windsor by Defendant Yu to third parties in July, 2021.

65. In August, 2021, Plaintiff sent a demand letter for repayment of principal and outstanding interest payments to Defendant Yu.

66. In August, 2021, Plaintiff unilaterally terminated the Investor Agreement.

67. As of June 30th, 2021, Defendant Yu and Defendant Windsor owes $1,693,613.63 (principal plus outstanding interest payments) to Plaintiff.

## COUNT ONE
## BREACH OF CONTRACT

68. Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs as it fully set forth herein.

69. Plaintiff entered into two agreements with Defendant Yu and Defendant Windsor for the purpose of investing money to qualify for an EB-5 visa immigration petition.

70. By engaging in the acts and/or omissions alleged herein, Defendant Yu and Defendant Windsor have breached both parties' agreements.

    i.    **Contract #1: Promissory Note ("PN") and 1st Amendment to Promissory Note**

71. Defendant Yu and Defendant Windsor breached the PN by an Event of Default.

72. Defendant Yu and Defendant Windsor breached the PN by not repaying the principal and outstanding interest payments upon demand after an Event of Default, namely by failing to notify Plaintiff upon the dissipation of Defendant Windsor's assets.

    ii.    **Contract #2: Investment Agreement**

73. Defendant Yu and Defendant Windsor breached the Investor Agreement, after Plaintiff had unilaterally terminated the agreement, by not refunding the full amount of the Investment to Plaintiff.

    iii.    **Contract #3: Guaranty**

74. Defendant Yu breached Items 1 and 2 of the Guaranty, and is thus primarily and directly liable to Plaintiff for the Enforcement of the Guaranty.

75. As a direct and proximate result of Defendant Yu's and Defendant Windsor's breach of the parties' agreements, Plaintiff has suffered significant losses and damages.

WHEREFORE, Plaintiff demands judgment against Defendant Yu for compensatory and consequential damages, attorney's fees, costs of suit, and such other relief as the Court deems just and proper.

## COUNT TWO
## VIOLATION OF CONTRACTUAL OBLIGATIONS OF GOOD FAITH AND FAIR DEALING

76. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs as it fully set forth herein.

77. Every contract contains an implied covenant of good faith and fair dealing, regardless of whether explicitly stated in the contract, whereby it is implied or understood that each party to the contract must act in good faith and deal fairly with the other party in performing or enforcing the terms of the contract.

78. Upon information and belief, Defendant Yu and Defendant Windsor entered into an investment contract listed in Count #1 with no intention of investing in the manner specified in the contracts, thereby acting in bad faith.

79. Furthermore, Defendant Yu's failure to i) pay back Plaintiff as specified and required by the contracts (See Count #1) and ii) provide notice to Plaintiff, as a creditor to Defendant Windsor, for informally dissolving and mortgaging off Defendant Windsor to Sansui demonstrates continued acts in bad faith.

WHEREFORE, Plaintiff demands judgment against Defendant Yu for compensatory and consequential damages, attorney's fees, costs of suit, and such other relief as the Court deems just and proper.

## COUNT THREE
## DIRECTOR/SOLE SH LIABILITY UNDER BCL 1006

80. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs as it fully set forth herein.

81. Defendant Yu dissolved Defendant Windsor after mortgaging off entity to Defendant Sansui for the consideration of $2,000,000.

82. Defendant Yu never gave notice to Plaintiff, as a creditor, that Defendant Windsor was being dissolved.

83. Defendant Yu had a responsibility as director and sole shareholder to provide notice to Plaintiff when she chose to dissolve Defendant Windsor.

84. Defendant Yu has failed her obligation as director and sole shareholder for not providing notice to Plaintiff after dissolving Defendant Windsor.

85. Defendant Yu is personally liable to Plaintiff for the reasons articulated above.

WHEREFORE, Plaintiff demands judgment against Defendant Yu for compensatory and consequential damages, attorney's fees, costs of suit, and such other relief as the Court deems just and proper.

## COUNT FOUR
## CONVERSION

86. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs as it fully set forth herein.

87. Plaintiff was entitled to immediate possession of principal investment and all outstanding interest payments owed from Defendant Windsor after it was dissolved by Defendant Yu in 2018.

88. Defendant Yu wrongfully assumed control over property that was entitled to Plaintiff.

12

89. Defendant Yu interfered with Plaintiff's property in a manner that infringed on Plaintiff's rights.

90. Defendant Yu did not provide notice to Plaintiff for i) taking a mortgage on Defendant Windsor from Sansui ii) selling off Defendant Windsor to a 3rd party (Defendant Sansui) and iii) dissolving Defendant Windsor.

91. Defendant Yu dissolved Defendant Windsor without satisfying obligations due to Plaintiff.

92. Defendant Yu refused to return Plaintiff's property (principal investment) after she sold Defendant Windsor to a third party (Defendant Sansui).

93.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory and consequential damages, attorney's fees, costs of suit, and such other relief as the Court deems just and proper.

## COUNT FIVE
## UNJUST ENRICHMENT

94. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs as it fully set forth herein.

95. Defendant Yu conferred a benefit on Plaintiff, among other things, by using Plaintiff's $1,000,000 investment to i) purchase Property ii) take a mortgage on Property for $2,000,000 from Defendant Sansui iii) sell Property for $2,811,200 to Defendant Sansui.

96. Plaintiff is still owed principal amount of $1,000,0000 and $693,613.63 in outstanding interest payments (as of 06/30/2021), as per the Promissory Note and First Amendment to the Promissory Note.

97. Under the circumstances, it would be inequitable and unjust for Defendant Yu to retain the benefit of the investment provided by Plaintiff.

98. As a direct and proximate result of Defendant Yu's conduct, Plaintiff has suffered significant damages.

WHEREFORE, Plaintiff demands judgment against Defendant Yu for compensatory and consequential damages, attorney's fees, costs of suit, and such other relief as the Court deems just and proper.

## COUNT SIX
## FRAUD

99. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs as it fully set forth herein.

100. Defendant Yu falsely promised Plaintiff that if she invested $1,000,000 into Defendant Windsor, it would secure approval for her EB-5 Visa petition.

101. Defendant Yu falsely claimed she would secure a loan of $3,600,000 for the Defendant Windsor business plan.

102. Defendant Yu falsely claimed she would secure five other investors, each of whom would invest $1,000,000 into Defendant Windsor business plan.

103. The EB-5 Visa petition was denied, because Defendant Yu did not provide adequate proof of development and sufficient evidence pertaining to Defendant Windsor's business plan to the USCIS to satisfy the requirements for Plaintiff's application approval.

104. These specific defects in the EB-5 application made it readily apparent that Plaintiff would be submitting an inadequate application due to Defendant Yu's conduct related to Defendant Windsor.

105. Defendant Yu plainly knew that the Defendant Windsor business plan was insufficient for EB-5 approval, as she did practically nothing to provide documents pursuant to Plaintiff's RFE.

106. Defendant Yu knew or should have reasonably known that the Investor Agreement entered into with Plaintiff was only a loan, and thus did not put Plaintiff's Capital-At-Risk, as per the explicit requirements of the EB-5 application.

107. Defendant Yu, as evidenced through her actions and false claims, had no intention to build Defendant Windsor.

108. Furthermore, Defendant Yu proved she had no intent to build Defendant Windsor by offloading all its assets and dissolving the company in 2018.

109. Defendant Yu has also engaged in the following fraudulent business practices, including, but not limited to:

    i. As sole shareholder and director, Defendant Yu dissolved Defendant Windsor without resolving its outstanding debt, as per Promissory note, to its Plaintiff as a creditor.

    ii. Plaintiff is still owed principal amount of $1,000,0000 and $693, 613.63 in outstanding interest payments (as of 06/30/2021), as per the Promissory Note and Amendment to the Promissory Note.

110. By committing the acts alleged herein, as well as other acts, Defendant Yu engaged in unconscionable commercial practices, deception, fraud, false pretense, false promises and misrepresentation in connection with

      i. falsely promising Plaintiff that she would help with securing approval for her EB-5 Visa petition.

      ii. Dissolving Windsor.

      iii. Transaction of the Promissory Note and Amendment to the Promissory Note with Plaintiff.

111. Plaintiff reasonably relied on Defendant Yu to build Defendant Windsor to satisfy the requirements of the EB-5 Visa application.

112. As a direct and proximate result of Defendant Yu's fraudulent conduct, Plaintiff has suffered significant damages.

WHEREFORE, Plaintiff demands judgment against Defendant Yu for compensatory and consequential damages, attorney's fees, costs of suit, and such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award compensatory, consequential, exemplary and punitive damages to Plaintiff from Defendants in an amount to be determined at trial;

B. Award attorneys' fees and costs to Plaintiff; and

C. Grant to Plaintiff whatever other relief is just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on issues so triable.

              Wong, Wong & Associates, P.C.

                *Attorney for Plaintiff*


              x._____

                Paul A. Gilmer, Esq.