

# THOMPSON & SKRABANEK, PLLC

### NEW YORK

42 W. 38TH STREET, SUITE 1002, NEW YORK, NY 10018 | (646) 568-4280 | CONTACT@TS-FIRM.COM

---

December 30, 2021

**Via ECF**

Hon. Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Gao v. Yu et al.</u>
Civil Action No. 1:21-cv-06308-DG-MMH

Dear Judge Gujarati:

Our firm represents Defendants Emily Yu ("Ms. Yu") and Windsor Sullivan Property Inc. ("WSP") in the above-referenced case. We write pursuant to Section III.A.2 of Your Honor's Individual Practices and Rules to request a pre-motion conference in order to move for dismissal of the Plaintiff's First Amended Complaint ("FAC", ECF No. 18) under Fed. R. Civ. P. 12(b)(6) and (b)(7).

**I.     Factual Allegations**

This matter arises from a commercial venture undertaken by various individuals and entities in different states. In 2013, the parties were introduced by a third party, Wall Street Standard Capital Inc. ("WSSC"), a New York corporation, and its principal, Warren Wong. At the time, Plaintiff was employed by WSSC. Mr. Wong knew that Plaintiff was interested in investment opportunities by which she (Plaintiff) could seek an EB-5 visa, an option for obtaining a green card for foreign nationals who invest approximately $1 million or more in a new commercial enterprise in the United States. Mr. Wong was also acquainted with Ms. Yu, and knew that she was developing a boarding school in upstate New York. Mr. Wong suggested that Plaintiff invest in this venture (through a new entity, WSP) and thereby meet one of the principal requirements for her application for an EB-5 visa. Ms. Yu had no experience with the EB-5 process, and never claimed to, but Mr. Wong referred the parties to an immigration attorney. Mr. Wong and WSSC also collected a commission and various consulting fees in relation to the transaction.

In the years that followed, this plan fell apart. Plaintiff's EB-5 application was rejected, and Ms. Yu's boarding school suffered numerous setbacks. Ms. Yu has struggled to repay her debt to the Plaintiff. This lawsuit followed.

## II. Basis for the Defendants' Motion to Dismiss

Even assuming Plaintiff's allegations to be true, three of the six causes of action in the FAC should be dismissed for failure to state a cause of action under Fed. R. Civ. P. 12(b)(6), as detailed below.

Plaintiff's fourth cause of action, for conversion, should be dismissed because it is duplicative of Plaintiff's breach of contract claim. A plaintiff alleging conversion must plead "wrongful or criminal behavior, as distinguished from acts that are a mere violation of contractual rights." *PKO Television, Ltd v. Time Life Films, Inc.*, 169 A.D.2d 582, 583, 564 N.Y.S.2d 434 (1st Dept. 1991). In addition, a conversion claim cannot be sufficiently independent if the damages sought "are the same as breach of contract damages." *Peters Griffin Woodward, Inc. v. WCSC, Inc.*, 88 A.D.2d 883, 884, 452 N.Y.S.2d 599 (1st Dept. 1982). Courts of this state have consistently held that a claim for conversion cannot proceed unless "independent facts are alleged giving rise to tort liability." *Kopel v. Bandwidth Tech Corp.*, 56 A.D.3d 320, 868 N.Y.S.2d 16 (1st Dept. 2008). Here, Plaintiff has not alleged wrongdoing or damages distinct from her breach of contract claim. The FAC merely alleges that Defendants "dissolved Defendant Windsor without satisfying obligations due to Plaintiff" and that "Plaintiff was entitled to immediate possession of principal investment and all outstanding interest payments owed from Defendant Windsor." FAC at ¶¶ 90, 86.

Plaintiff's fifth cause of action, for unjust enrichment, should be dismissed because, under established New York law, where a written contract exists governing a particular transaction, quasi contract remedies like unjust enrichment are simply not available. *Assoc. Mortg. Bankers, Inc. v. CaIcon Mut. Mortg. LLC*, 159 F. Supp. 3d 324, 337 (E.D.N.Y. 2016); *Diesel Props Sri. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 54 (2d Cir. 2011).

Plaintiff's sixth cause of action, for fraud, should be dismissed for several reasons. First, the Plaintiff's fraud claims are based on the same allegations that support her breach of contract claim. *See, e.g., Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 183 (2d Cir. 2007); *see also Presnall v. Analogic Corp.*, 2018 WL 4473337, * 6 (S.D.N.Y. 2018) ("A fraud claim is not stated by allegations that simply duplicate, in the facts alleged and damages sought, a claim for breach of contract enhanced only by conclusory allegations that the pleader's adversary made a promise while harboring the concealed intent not to perform it."). The FAC alleges that Defendant Yu made "false promises and misrepresentation in connection with . . . Transaction of the Promissory Note and Amendment to the Promissory Note with Plaintiff." Comp. at ¶ 109. Second, the claim is subject to the Rule 9(b) pleading standard, and the FAC falls well short of the requisite level of specificity about the alleged misrepresentations. *See, e.g., Shields v. Citytrust Bancorp., Inc.*, 25 F.3d 1124, 1228 (2d Cir. 1994) (under Rule 9(b), a fraud claimant must "(1) specify the statements that plaintiff contend were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.").

Most notably, the FAC completely fails to identify any basis for the conclusory allegation that the venture was entered into with fraudulent intent. It offers little explanation for why Ms. Yu would knowingly and intentionally submit a business plan that was "insufficient for EB-5 approval", especially considering that Ms. Yu had no experience with the EB-5 process and is not an attorney. *FAC* at ¶ 104. *See, e.g., Houraney v. Burton & Associates, P.C.*, 701 F. Supp. 2d 258, 261 (E.D.N.Y. 2010) (Although "the requisite intent of the alleged perpetrator of the fraud need not be alleged with great specificity" under Rule 9(b), precedent holds that courts "must not mistake the relaxation of Rule 9(b)'s specificity requirement regarding condition of mind for a license to base claims of fraud on speculation and conclusory allegations.").

Plaintiff's FAC should also be dismissed for failure to join an indispensable party under Fed. R. Civ. P. 12(b)(7) and 19. The FAC alleges numerous causes of action that are materially based on the denial of Plaintiff's EB-5 visa application. For example, Plaintiff's fraud claim is premised on the allegation that Ms. Yu "falsely promised Plaintiff that if she invested $1,000,000 into Defendant Windsor, it would secure approval for her EB-5 Visa petition" (¶ 99) and that Ms. Yu "plainly knew that the Defendant Windsor business plan was insufficient for EB-5 approval" (¶ 104). As noted above, however, Ms. Yu never held herself out to be an EB-5 expert, and cannot legally be held responsible for any damages related to the denial by the U.S. Citizen and Immigration Services' denial of Plaintiff's EB-5 application.

The FAC also suffers from a variety of other defects that may merit dismissal at this stage. For the reasons detailed above and others, Defendants respectfully request that the Court schedule a pre-motion conference to address their proposed motion to dismiss.

Respectfully submitted,

John J. Thompson, Esq.
THOMPSON & SKRABANEK, PLLC
42 W. 38th Street, Suite 1002,
New York, NY 10018
T: (646) 568-4280 ext. 701
M: (206) 920-3018
jt@ts-firm.com

cc: Paul A. Gilmer, Esq.