# WONG, WONG & ASSOCIATES, P.C.

RAYMOND H. WONG *
VALERIE Y. C. WONG *
_____

PAUL ANDERSON GILMER *
NATALYA RUTCHYK *
DOUGLAS DOOLING, JR. °
SURAJ SETHI *

* MEMBER NY & NJ BARS
° MEMBER NY, NJ, MA & DC BARS

150 BROADWAY, SUITE 1588
NEW YORK, NY 10038
PHONE: (212) 566-8080
FACSIMILE: (212) 566-8960

NEW JERSEY OFFICE
12 ROSZEL RD, STE A102
PRINCETON, NJ 08540
PHONE: (609) 520-1668
FACSIMILE: (609) 520-1168

Hon. Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Gao v. Yu et al.*
Civil Action No. 1:21-cv-06308-DG-MMH

Dear Judge Gujarati,

  Our firm represents Plaintiff Yujia Gao ("Plaintiff") in the above-referenced case against Defendants Emily Yu ("Ms. Yu") and Windsor Sullivan Property Inc. ("WSP"). We write, pursuant to Section III.A.3 of Your Honor's Individual Practice Rules, *in response* to Defendants' request for a pre-trial motion conference in order to move for dismissal of Plaintiff's First Amended Complaint ("FAC") under Fed R. Civ P. 12(b)(6) and (b)(7).

Plaintiff's fourth cause of action, for conversion, should not be dismissed because it is not duplicative of Plaintiff's breach of contract claim. Plaintiff pleads and articulates how numerous "Event of Default(s)" were triggered by Defendants wrongful behavior, which is distinguished from mere violations of contractual rights. Courts should allow conversion to be pled if there are "independent facts are alleged giving rise to tort liability." *Kopel v. Bandwidth Tech Corp.*, 56 A.D.3d 320, 868 N.Y.S.2d 16 (1st Dept. 2008). Plaintiff invested $1,000,000 with Defendants for the purpose of securing an EB-5 Visa in 2013.. Ms. Yu was responsible for utilizing the invested monies by Plaintiff and providing proof for furthering business development of WSP. Ms. Yu failed to do this, and Plaintiff's EB-5 application was effectively denied in 2016. Ms. Yu then promised to pay back the full outstanding balance once she secured any new investment. In 2017, without giving any notice to Plaintiff, Ms. Yu obtained a mortgage, using the property Plaintiff invested in as collateral from Sansui Trading Co. for $2,000,000. Five months later, Ms. Yu sold the property, again without giving any notice to Plaintiff, by deed, to Sansui Trading Co. for $2,811,200, thereby depriving Plaintiff of her property interests. Ms. Yu, at this point, could have returned Plaintiff's investment in its entirety, but she wrongfully concealed these transactions from Plaintiff. Furthermore, Ms. Yu had secured almost 3x the amount from the sale needed to pay back Plaintiff her initial balance, and did not, which clearly demonstrates wrongful, tortious behavior. Furthermore, despite obtaining $2,811,200 without ever letting

Plaintiff know, Ms. Yu only paid $160,000 in interest payments from 2018-2021, when she owed $360,000 (12% interest rates on principal 1,000,000 investment) to Plaintiff. The concealment of the transactions between Ms. Yu and Sansui Trading Co., combined with the fact that Ms. Yu had the monies to pay back Plaintiff after selling off WSP, either in whole or at the minimum full interest payments, clearly indicates that conversion should be considered a viable claim, and not be dismissed.

Plaintiff's fifth cause of action, for unjust enrichment, should not be dismissed, and should be allowed to be pled as an alternative to the breach of contract claim. In New York, the elements of an unjust enrichment claim are "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y. 3d 173, 182 (2011). Not only did Ms. Yu not pay back Plaintiff's principal, but she only paid $120,000 / $360,000 of the interest payments due. Plaintiff has lost much more money pertaining to opportunity cost due to Ms. Yu's wrongful actions than from merely the breach of contracts. These actions undertook, pertaining to the concealment of the sale of property, by Ms. Yu are not governed by the contractual relationship, whereby making unjust enrichment not a quasi-contract remedy in this particular set of facts. This clearly demonstrates that Ms. Yu was unjustly enriched due to her actions of concealing the $2,811,200 she made from the sale, and only paying back 1/3 of interest payments due in span of 3 years. It would be unjust, against equity and good conscience for Ms. Yu to retain the benefits of Plaintiff's investment, and utilize the monies for herself, despite being fully capable to pay back Plaintiff upon the several demands for repayment made. Thus, the cause of action for unjust enrichment should not be dismissed.

Plaintiff's sixth cause of action, for fraud, should not be dismissed for the following reasons. "A complaint alleging fraud, moreover, must plead facts that give rise to a strong inference of scienter." *See Deutsche Zentral-Genossenchaftsbank AG v. HSBC North America, 2013 WL 6667601, 5 (S.D.N.Y 2013).* "[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." *Clark-Fitzpatrick, Inc. v. LIRR, 70 N.Y.2d 382, 389 (1987).* The plaintiff must allege a "breach of duty which is collateral or extraneous to the contract." *Weitz v. Smith, 231 A.D.2d 518, 519 (2d Dept. 1996).* A breach of contract can become a fraud when one party makes a false representation of a material fact by providing false and/or concealing information that should have been disclosed wherein the other party relies on such information.

Ms. Yu has clearly concealed vital information and made several false representations of material fact that should have been disclosed to Plaintiff in a timely manner. Most specifically, when Ms. Yu had obtained the monies in 2017 to pay back Plaintiff in its entirety from the sale of WSP to Sansui Trading Co.. Upon demand of repayment, Ms. Yu falsely told Plaintiff that she did not have the monies to pay Plaintiff back and was waiting on new investments. Ms. Yu then went on to receive $2,811,200 from a sale of WSP. Ms. Yu concealed this fact from Plaintiff, and continued to falsely tell Plaintiff she did not have the monies to pay back the investment, despite the fact that she did. With the facts at hand, there are several inferences of fraud sufficient enough to warrant a cause of action for fraud.

Furthermore, Defendants contend that just because Ms. Yu never held herself out to be an EB-5 expert, that she should not legally be held responsible for damages incurred by Plaintiff, related to her denial of her EB-5 Application by USCIS. Furthermore, Defendants contend that Plaintiff offers little explanation as for why Ms. Yu knowingly and intentionally submitted an insufficient busines plan for EB-5 approval. USCIS issued a Request for Evidence ("RFE"), whereby they requested that the following eligibility requirements needed further clarification and/or additional evidence: A comprehensive business plan demonstrating that the invested Capital would result in employment creation. USCIS was seeking any evidence that proved that that Capital Invested by Plaintiff was being utilized for business activity and development.

Ms. Yu need not be an expert at EB-5 applications to be competent enough to provide and comprehend the evidence requested by the USCIS. Ms. Yu, for several years, has been the sole stockholder, director and president of Windsor School Inc, clearly demonstrating her understanding of owning and running a business. The directions by the USCIS in the RFE were very straightforward. The attorneys at the time representing Plaintiff, who filed the EB-5 application, made numerous, clear requests to Ms. Yu to procure documentation responsive to the RFE. Ms. Yu was unable to provide any evidence of furthering business activity for WSP, nor a comprehensive business plan demonstrating business activity would be undertaken to result in employment creation. Ms. Yu provided an outdated business plan for Plaintiff to submit, whereby it was clear that business activity and WSP project would not be furthered effectively. Ms. Yu failed to provide any substantial or necessary papers to satisfy the USCIS' RFE, despite numerous requests and her own understanding of business. Without Ms. Yu's assistance, who was responsible for the business development of WSP, Plaintiff was only able to provide the "deed" for the property bought by Ms. Yu when Plaintiff first invested the monies with her in 2013. The USCIS concluded that the WSP business plan provided by Ms. Yu would fail to establish that the WSP would i) create ten full time position for qualifying employees, ii) business plan's staffing needs did not seem credible, iii) the development timeline was outdated and iv) there were concerns about the availability of funds to execute the suggested business plan. In result, the USCIS denied Plaintiff's EB-5 application.

It is clear that Ms. Yu did not undertake any development of WSP, and effectively misled Plaintiff into an application that would be denied without the necessary papers proving business activity. Ms. Yu could have easily consulted with the attorneys or done her due diligence, especially since she knew Plaintiff invested 1,000,000 for the purpose of securing a visa, to understand and become aware of the USCIS EB-5 requirements. This further demonstrates inferences of fraud, whereby Ms. Yu clearly accepted an investment of $1,000,000 for a business, did not do anything to further the business for several years, and misled Plaintiff to believe that she had. Ms. Yu had been exposed in multiple lies to Plaintiff since the monies were given until this suit was filed. It is only now where Ms. Yu is trying to excuse herself from her own likes as well as escape liability on the notion that she does not need to be an EB-5 expert to be legally responsible for Plaintiff's denial and subsequent damages.

Plaintiff's FAC should not be dismissed for failure to join an indispensable party under Fed. R. Civ P. 12(b)(7) and 19. Defendants have not identified which specific party part should be joined, and thus in no way have met the burden to substantiate a dismissal pursuant to Rule 19.

      For the reasons detailed above and others, the causes of action pled should not be dismissed, and Plaintiff respectfully request that the Court not schedule any pre-motion conference.

Respectfully Submitted,

By: /s/ Paul A. Gilmer
Paul A. Gilmer, Esq.
WONG, WONG, & ASSOCIATES, P.C.
*Attorney for Plaintiff*
150 Broadway, Suite 1588
New York, NY 10038
Tel.: (212) 566-8080
Fax: (212) 566-8960
pgilmer@wongwonglaw.com
